Defendant, a corporation located in New Orleans, is engaged in the laundry and cleaning business. Plaintiff alleges that on December 31, 1946, there was delivered from his residence to a driver of the said corporation for laundering, a bundle of soiled household articles and wearing apparel valued at $175.50, and that the said articles have been "lost, mislaid or misplaced," and that defendant "refuses" to return them. Plaintiff prays for judgment against the said defendant corporation in the sum of $175.50.
Defendant admits that on that day, December 31, 1946, one of its drivers "picked up" from plaintiff's residence a "laundry bundle" but avers that when a check of the contents of the bundle was made against the list sent with it, it developed that two of the articles shown on the list were not contained in the bundle. It avers also that when plaintiff's wife was notified that these articles were missing she instructed the defendant's driver to have the remaining articles laundered; that all of the remaining articles were laundered and that some of them were returned to plaintiff's residence on January 14, 1947, and the balance on the following day, January 15, 1947.
The only question presented is whether or not the articles admittedly received by defendant were returned to plaintiff's residence, and, of course, there is a secondary question concerning the value of the articles if they, or any of them, were not returned.
The trial court, after hearing the evidence on these issues, rendered judgment for plaintiff for $165.50 and from this judgment defendant has appealed.
Plaintiff's wife testified that she, herself, had prepared the bundle which defendant admitted receiving on December 31st, and that she had counted the various articles contained in it, and had placed the list in the bundle. She did not herself deliver the bundle to the driver. This was done by one of her household servants. She stated that certain items had been returned but that others, on which the suit is based, had never been delivered.
Defendant's driver testified that all of the articles had been returned, a part of them on January 14th and the balance on the next day, January 15th.
Defendant stresses the fact that plaintiff's wife did not herself deliver the bundle to the driver and did not herself receive the bundle from the driver after the articles had been laundered. Plaintiff's wife stated that she seldom had contact with defendant's driver, and that her downstairs servants always brought to her such bundles as were received. These servants were not placed on the witness stand.
[1, 2] It is true that Mrs. Theriot is very positive that the servants always delivered to her all of the bundles of laundry which were left by defendant's driver, and yet she admitted that she did not know whether a bundle had been returned on January 14th or whether another bundle had been returned on January 15th. The failure to produce the servants to corroborate her testimony that all bundles delivered at the house had been in turn delivered to her by the servants constitutes a break in the evidence. Because of it plaintiff has failed to prove that the articles were not actually delivered at his residence. In view of this, and because of the testimony of the defendant's driver that the articles actually were delivered, we think that the judgment rendered below was incorrect. Plaintiff has failed to prove his case and has failed to produce witnesses who might have produced evidence necessary to show that the bundles were not returned.
The judgment appealed from is reversed and plaintiff's suit is dismissed at his cost.
Reversed.